**FINANCIAL COUNSELLORS, INC.,**
Petitioner,

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**No. 166, Docket 29109.**

United States Court of Appeals
Second Circuit.

Argued Oct. 9, 1964.

Decided Dec. 7, 1964

Ernest F. Boruski, Jr., in pro. per.

Walter P. North, Washington, D. C. (Philip A. Loomis, Jr., and Jacob H. Stillman, Washington, D. C., on the brief), for respondent.

Before LUMBARD, Chief Judge, and HAYS and ANDERSON, Circuit Judges.

PER CURIAM.

The Securities and Exchange Commission revoked the petitioner's registration as a broker and dealer in securities,

and expelled it from membership in the National Association of Securities Dealers, Inc. From this order the petitioner appeals.

The Commission found that Financial Counsellors, Inc. was created by one Ernest F. Boruski, Jr., who, as a sole proprietor, had, for a number of years, carried on the business of a broker-dealer specializing in mutual funds shares.

In 1961 Boruski had been censured by the National Association of Securities Dealers, Inc., and had been suspended from its membership for sixty days. The Commission upheld the Association's action and found that Boruski's practices as a dealer in mutual funds shares were "inconsistent with just and equitable principles of the trade." This court affirmed the Commission in Boruski v. S. E. C., 289 F.2d 738 (2d Cir. 1961).

In 1962 proceedings were instituted by the Commission to determine whether or not to revoke Boruski's broker-dealer registration and expel him from membership in the National Association of Securities Dealers, Inc., on allegations of willful violations of the financial reporting requirements of the Securities Exchange Act of 1934. While those proceedings were still pending, Boruski organized the petitioner under the laws of Nevada.

■ The Commission found that Boruski organized Financial Counsellors, Inc. to carry on his business in the untoward event that his own registration was revoked and he lost his membership in the National Association of Securities Dealers, Inc.; that substantially all of the business of the petitioner was performed by Boruski; that the other shareholders who had only a nominal corporate role, paid nothing for the single share which each held; and that the officers and directors did nothing except to comply with Boruski's directions to sign papers which he had prepared and otherwise respond to his requests. The Commission, therefore, found that the petitioner was nothing more than an alter ego of Boruski and that his informal but complete and effective control of the petitioner was at no time and in no way disclosed in the petitioner's registration application to the S. E. C. or in any application for amendments to it. There was abundant evidence to support these findings and conclusions.

Section 15(b) of the Securities Exchange Act of 1934 expressly requires disclosure of the identity of "any person directly or indirectly controlling" the applicant. Boruski "controlled" the petitioner in the common understanding of that term. The Act prescribes no different measure of control. Cf. United States v. Re, 336 F.2d 306 (2d Cir. 1964); H.R. No. 1383, 73 Cong. 2d Sess. p. 26 (1934).

■ The registration requirement provisions are of vital importance to the statutory scheme of securities regulations. Under the circumstances of this case the action by the Commission was fully warranted.

The order is affirmed.